## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BACARDNEY GEORGE** | **CIVIL ACTION NO. 6:13-cv-0431** |
| **LA. DOC #477439** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Barcardney George filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on February 27, 2013.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2008 attempted second degree murder conviction entered in the Sixteenth Judicial District Court for Iberia Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was found guilty of attempted second degree murder on August 19, 2008.  On October 8, 2008, he was adjudicated a second felony offender and sentenced to serve 80 years imprisonment.

Petitioner directly appealed his conviction and sentence to the Louisiana Third

Circuit Court of Appeal arguing claims of insufficiency of the evidence, erroneous

introduction of photographs of the victim, and excessiveness of sentence.  The Third

Circuit affirmed petitioner's conviction, multiple offender adjudication and sentence on

October 7, 2009.  Notice of Judgment was sent that same date.  [rec. doc. 1-2, pg. 66, 67]**.**

Petitioner applied for writs of *certiorari* to the Louisiana Supreme Court; he

signed his *pro se* pleading December 2, 2009. [rec. doc. 1-2, pg. 98].  The Louisiana

Supreme Court denied writs without comment on  November 19, 2010. *State of Louisiana*

*ex rel. Bacardney Wayne George v. State of Louisiana*, 2009-2761 (La. 11/19/2010), 49

So.3d 399.

On August 2, 2011, petitioner filed a *pro se* application for post-conviction relief

in the Sixteenth Judicial District Court. [rec. doc. 1-2, p. 117].  He again argued

insufficiency of the evidence and that the State failed to preserve exculpatory evidence.

In a Supplemental Application, petitioner argued a claim of ineffective assistance of

counsel.  On January 17, 2012, the District Court denied relief.  On February 14, 2012,

petitioner applied for writs to the Louisiana Third Circuit Court of Appeal.   Petitioner

admittedly did not attach a copy of the District Court's ruling on his Post-Conviction

Application as required by with Rule 4-5 of the Uniform Rules of the Courts of Appeal.[1]

---

[1]Rule 4-5 mandates that a writ application "shall contain  . . . a copy of the judgment, order, or ruling complained of . . . a copy of the judge's reasons for judgment , order, or ruling (if written) . . . a copy of each pleading on which the judgment, order, or ruling was founded . . .  a copy of pertinent court minutes; and . . . the notice of intent and return date order . . . ."

[*See* rec. doc. 1-2, pg. 131].  Accordingly, on May 30, 2012, the Third Circuit refused to consider petitioner's writ application because petitioner had not demonstrated that the trial court had an opportunity to rule on petitioner's claims.  *State of Louisiana v. Bacardney Wayne George*, No. KH 12-00230 [rec. doc. 1-2, p. 125].

On June 8, 2012[2], without submitting the required documents to cure the deficiency in his writ application and provide the Third Circuit with an opportunity to review petitioner's request for writs, petitioner instead applied for writs to the Louisiana Supreme Court. In his writ application to the Louisiana Supreme Court, petitioner acknowledged that the Third Circuit had not considered his writ application because he "mistakenly did not attach a copy of the district court ruling . . . ", but explained that this deficiency should be excused because "criminal district courts in general, by law, automatically transfer records and rulings to the circuit courts each time a petitioner receives an adverse ruling." [rec. doc. 1-2, pg. 130-131].  On October 26, 2012, the Louisiana Supreme Court denied petitioner's request for writs without comment.  *State of Louisiana ex rel. Bacardney Wayne George v. State of Louisiana*, 2012-1359 (La. 10/26/2012), 99 So.2d 643.

Petitioner apparently filed a second application for post-conviction relief in the Louisiana state courts.  That application was ultimately denied by the Louisiana Supreme

---

[2]rec. doc. 1-2, pg. 119.

Court on April 19, 2013 as having been untimely filed pursuant to La. C.Cr.P. art. 930.8.[3]

*State of Louisiana ex rel. Bacardney George v. State of Louisiana*, 2012-2547 (La.

4/19/2013), 111 So.3d 1033.

Petitioner filed the instant petition for writ of *habeas corpus* on February 27, 2013.

## LAW AND ANALYSIS

### I.  Federal One-Year Limitation Period

Title 28 U.S.C. § 2244(d)(1)(A) provides a one-year statute of limitations for the

filing of federal petitions seeking *habeas corpus* relief by persons, such as petitioner, who

are  in custody pursuant to the judgment of a State court.  This limitation period generally

runs from "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . . " 28 U.S.C.

§ 2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time

during which a properly filed application for post-conviction relief was pending in state

court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th

---

[3]Article 930.8 provides a two year limitation period for filing an application for state post-conviction relief.  The period generally begins running on the date a judgment of conviction becomes final.

[4] Nothing in the record suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).

However, any lapse of time before the proper filing of an application for post-conviction

relief in state court is counted against the one-year limitation period. *See Villegas v.*

*Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) *citing Flanagan v. Johnson*, 154 F.3d 196, 199

(5th Cir.1998)). The limitations period is tolled only for as long as the state application

remains "properly filed" and pending in the state's courts. *See Johnson v. Quarterman*,

483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua*

*sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner directly appealed his conviction to the Louisiana Third Circuit Court of

Appeals. Notice of the Third Circuit's Judgment affirming petitioner's conviction,

sentence and adjudication as a second felony offender was sent on October 7, 2009.

Therefore, under Louisiana Supreme Court Rule X, §5(a), petitioner had 30 days

following the Third Circuit's mailing of its Notice of Judgment, or until November 6,

2009, to apply for review to the Louisiana Supreme Court.[5]   The exhibits submitted by

petitioner clearly establish that petitioner did not file his writ application until, at the

earliest, December 2, 2009, the date petitioner signed the certificate of service. [rec. doc.

1-2, pg. 98]. Accordingly, for purposes of the federal one-year limitation period,

petitioner's judgment of conviction  "became final by . . . expiration of the time for

---

[5] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . . No extension of time therefor will be granted."

seeking [further direct]  review" under 28 U.S.C. §2244(d)(1)(A) on November 6, 2009,

when the 30 day period set forth in Louisiana Supreme Court Rule X, §5(a) expired.  *See*

*Butler v. Cain*, 533 F.3d 314, 317-318 (5th Cir. 2008).

Because petitioner's judgment of conviction became final for AEDPA purposes on

November 6, 2009, he had one year, or until November 6, 2010 to file his federal *habeas*

*corpus* petition.  He could not rely on the statutory tolling provisions of §2244(d)(2)

because by the time he filed his application for post-conviction relief on August 2, 2011,

the AEDPA period of limitations had already expired and could not be revived even if his

application was otherwise timely under Louisiana law.  *See Butler*, 533 F.3d at 318

(finding that because the federal one year limitation period had expired before the

petitioner's state post-conviction application was filed "there was nothing to toll").

Furthermore, even if petitioner was able to statutorily toll the limitation period

pursuant to § 2244(d)(2) as a result of the filing his first Application for Post-Conviction

Relief on August 2, 2011, the instant petition is nevertheless untimely.   By the time

petitioner filed the Application, a period of approximately 6 months of the one-year

federal limitation period had elapsed. That Application remained pending only until

January 17, 2012, when the trial court denied the Application because the writ petitioner

filed in the Louisiana Third Circuit Court of Appeal with respect to that Application was

not "properly filed." *Dugas v. Cain,* 2010 WL 2816247, *5 (W.D. La. 2010) *citing Allen*

*v. Siebert,* 522 U.S. 3, 5, 128 S.Ct. 2, 169 L.Ed.2d 329 (2009) *citing Artuz v. Bennett*, 531

U.S. 4, 10-11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) and *Pace v. DiGuglielmo*, 544 U.S.

408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (noting that post-conviction petitions

rejected on the basis of "filing conditions" are not " properly filed" under § 2244(d)(2)

because they "go to the very initiation of a petition and a court's ability to consider that

petition."); *see also McMillan v. Tanner*, 2012 WL 5384701, *3-4 (E.D. La. 2012);

*Clarke v. Rader*, 2012 WL 589207, *4-6 (M.D. La. 2012). The writ was deemed

deficient and not considered because it did not comply with Rule 4-5 of the Uniform

Rules of the Courts of Appeal. Therefore, the pleading could not statutorily toll the

limitation period.[6] The instant petition was not filed until over one year later on February

27, 2013, well after the federal one-year limitation period had expired.

Finally, petitioner's second Application for Post-Conviction Relief did not

statutorily toll the federal one-year limitation period. That Application was ultimately

denied by the Louisiana Supreme Court as untimely filed. The Application therefore can

not be deemed to have been a "properly filed" state post-conviction application for

purposes of § 2244(d)(2). *Wardlaw v. Cain*, 541 F.3d 275 (5th Cir. 2008) *citing Pace*, 544

U.S. at 417 (holding that "time limits, no matter their form, are 'filing' conditions," and

that a state post-conviction petition is therefore not "properly filed" if it was rejected by

the state court as untimely).

---

[6]Petitioner's writ to the Louisiana Supreme Court with respect to that Application was likewise not "properly filed." The Louisiana Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, §5. In this instance, however, the intermediate appellate court never had an opportunity to review petitioner's claims because they were never presented in a procedurally proper manner. Therefore, the merits of petitioner's claims were not properly before the Louisiana Supreme Court

Thus, under § 2244(d)(1)(A), it is clear that the instant  petition is untimely.

## II. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th  Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Moreover, equitable tolling is not warranted when an attorney merely commits error or neglect. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Petty*, 530 U.S. 361, 367 (5th Cir. 2008) *citing Riggs*, 314 F.3d at 799;  *Brown v. Thaler*, 455 Fed. Appx. 401, 407 (5th Cir. 2011).  When assuming without deciding that equitable tolling is available, the Supreme Court noted that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling. Moreover, petitioner was not actively misled by the State of Louisiana. To the contrary, petitioner's failure to timely file his application for writs in the Louisiana Supreme Court on direct appeal was attributable solely to petitioner.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

Signed in Chambers, in Lafayette, Louisiana on January 10, 2014.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:  RFD
On:  1/13/2014
By:  MBD
```